United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

06-30419

—————————

REVA MORGAN,

                                        Plaintiff-Appellant,

                        v.

JOHN E. POTTER, Postmaster General,

                                        Defendant-Appellee.

—————————————————————————————————

On Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

—————————————————————————————————

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

    Plaintiff-Appellant Reva Morgan ("Morgan"), a postal employee, filed a formal Equal Employment Opportunity ("EEO") complaint against her employer in August of 2003. She alleged discrimination based on her race, sex, and age. Morgan's complaint then proceeded through a series of administrative steps before the Office of Federal Operations ("OFO") issued its final decision denying her claim in a letter mailed on March 3, 2005 ("the OFO letter"). That letter notified Morgan of her right to file a civil action to contest the decision. Pursuant to 42

U.S.C. § 2000e-16(c), Morgan had ninety days from *receipt* of the OFO letter to file suit. The OFO letter itself stated as much. It also stated: "For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." It then reiterated, in large print, that the letter was mailed to the plaintiff on March 3, 2005.

Morgan filed suit in Louisiana state court on June 8, 2005, ninety-seven days after the OFO letter was mailed. Postmaster General, John E. Potter, the defendant in the lawsuit, removed the case to federal court and then moved for dismissal on the ground that it was untimely. The federal district court for the Eastern District of Louisiana granted that motion, relying on the statement in the OFO letter that the OFO would presume Morgan had received that letter in five days. By the court's count, the suit was filed two days late. Morgan appeals, but she presents no evidence of when she actually received the letter. Therefore, the sole question before us is how to treat the presumption of receipt contained in the OFO letter.

We have confronted this question before. In <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376 (5th Cir. 2002), we found that a presumption of receipt was appropriate when the actual date of receipt was unknown. <u>Id.</u> at 379-80. We noted that other courts had concluded similarly, but disagreed on the exact number of days. <u>Id.</u> at 379. Presumptions in place at the time ranged from

2

three to seven days. Id. Noting this fact, we did not find it necessary to select a specific number of days in Taylor because the plaintiff had waited ninety-eight days to file suit, so even under the most lenient presumption supported by precedent his suit would have been untimely. Id. at 380.

Since Taylor, we have repeatedly handled cases like this one without selecting a fixed number of days. See Martin v. Alamo Comm. Coll. Dist., 353 F.3d 409, 411 (5th Cir. 2003) (presuming that plaintiff had received letter in three days, but not discussing issue); Bowers v. Potter, 113 F.App'x 610, 612–13 (5th Cir. 2004) (unpublished opinion) (reiterating view that presumption of between three and seven days was appropriate, but not deciding issue further because suit was untimely under most lenient presumption). The exact number of days is thus an open question in this Circuit, but we have expressed satisfaction with a range between three and seven days. Bowers, 113 F.App'x at 612.

In this case, the plot thickens. Morgan's suit would be timely under a seven day presumption, but untimely under any more stringent presumption. Perhaps because our cases do not clearly resolve this case, the district court simply gave effect to the five-day presumption in the OFO letter. We believe that to be a wise course, with the caveat that the presumption in the letter must be reasonable. As we have previously expressed the view that a three-day presumption is reasonable, Martin, 353 F.3d at

3

411, we are readily satisfied that the same is true of a five-day presumption. We note, however, that our decision today is not simply to defer to the presumption that an agency chooses to put into its letter. Rather, we hold that when an agency notifies a party of his or her right to sue, and includes in that notification a presumption of receipt, that presumption will be upheld so long as it is reasonable.[1]

Therefore, because we find that the plaintiff was notified of a five-day presumption, and because we find that said presumption was reasonable on the facts of this case, we AFFIRM the district court's dismissal of Morgan's lawsuit as untimely.

---

[1]It also bears repeating that the presumption is only that: a presumption. If a particular plaintiff can offer some evidence to demonstrate that he or she did not receive the letter within the allotted time, the presumption can certainly be overcome. In this case, we note that the plaintiff did suggest in her letter brief to this Court that she received the letter after March 8, 2005, but she includes no evidence to that effect. More importantly, she never made such a claim or presented such evidence to the district court, so it is not properly before us and we will not consider it.