# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50483

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

RANDY JENKINS,

Plaintiff - Appellant

v.

CITY OF SAN ANTONIO FIRE DEPARTMENT,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before JONES and HAYNES, Circuit Judges, and CRONE, District Judge.*

HAYNES, Circuit Judge:

Appellant Randy Jenkins filed suit against the City of San Antonio Fire Department ("Fire Department"), alleging discrimination on the basis of race and age, and retaliation, in violation of Title VII. Because Jenkins's complaint was, in part, untimely, and failed to establish a prima facie case of discrimination and retaliation, we AFFIRM the district court's grant of summary judgment in favor of the Fire Department.

---

* District Judge of the Eastern District of Texas, sitting by designation.

No. 14-50483

## I. Background

Randy Jenkins, a 51-year-old African-American male, has served in the San Antonio Fire Department since 1986. The Fire Department is headed by the Fire Chief, Charles Hood, who oversees a deputy chief, assistant chiefs, district chiefs, captains, lieutenants, engineers, and firefighters. In 2008, Jenkins was appointed as one of two district chiefs of Fire Prevention, reporting directly to Assistant Chief Earl Crayton. In this capacity, Jenkins was responsible for oversight of Community Safety & Education ("CS&E"). When the other district chief in the Fire Prevention Division left, Jenkins temporarily assumed his responsibilities, which included oversight of Arson, Special Events, Inspections, and Administration. Eventually, a new district chief was assigned to the Fire Prevention Division and given responsibility for CS&E while Jenkins retained oversight of Special Events, Inspections, and Administration. Assistant Chief Crayton oversaw the Arson office.

After the recently appointed district chief left in 2009, Captain Christopher Monestier was hired as his replacement and assigned oversight of CS&E and Special Events. In 2011, Assistant Chief Crayton "realigned" Jenkins and Monestier's duties. Jenkins would oversee CS&E, while Monestier was delegated responsibility for Inspections and Special Events. Jenkins did not suffer a reduction in rank or benefits but perceived the realignment as discrimination based on his race, color, or age as well as retaliation for giving a statement supporting an EEOC charge against Crayton. Jenkins filed an EEOC charge to this effect on August 19, 2011, and the EEOC issued a right-to-sue letter on May 16, 2012.

Monestier vacated his position within the division in 2012, and Assistant Chief Crayton solicited applications for the open position from all district chiefs. A review panel was formed to interview and recommend a candidate for approval. The panel was composed of a director in the City's Department

2

No. 14-50483

of Development Services, the Chief of Operations for the Fire Department, and a deputy chief in the Police Department. Two candidates applied for the position, Jenkins and District Chief Matias Jimenez, a Hispanic male. The panel unanimously chose Jimenez, and his appointment was approved by Fire Chief Hood. Jimenez was given responsibility for Inspections, Administration, and Special Events, while Jenkins retained oversight of CS&E. On August 17, 2012, Jenkins filed an additional charge with the EEOC, complaining that he was not selected for the position for discriminatory and retaliatory reasons.

Jenkins filed suit in district court on August 20, 2012, alleging that the 2011 reassignment of duties was a product of race and age discrimination. He also included a retaliation claim, alleging that Assistant Chief Crayton was punishing Jenkins for making statements supporting a charge against Crayton.

On May 16, 2013, Assistant Chief Crayton again realigned office responsibilities, charging Jenkins with oversight of boarding homes, schools, hospitals, nursing homes, and congregate living, all of which had previously been under the purview of Inspections. He was also tasked with overseeing special events, HazMat, after-hours details, and supervision of engineers assigned to the Fire Marshal's Office. All of this was in addition to his CS&E responsibilities.

On June 26, 2013, Jenkins amended his complaint in district court to include the claims raised in his second EEOC charge; namely, that the Fire Department discriminated against him on the basis of his race and age by selecting Jimenez to be District Chief of Inspections. He also alleged that the Fire Department refused to appoint him to the position in retaliation for filing the first EEOC charge.

The district court granted summary judgment in favor of the Fire Department. It held that Jenkins's discrimination and retaliation claims

No. 14-50483

stemming from the 2011 reassignment of duties were not timely filed. Even assuming his suit was timely, the district court found that Jenkins's discrimination and retaliation claims stemming from both the 2011 reassignment and Jenkins's non-selection as District Chief of Inspections in 2012 failed because he was unable to establish a prima facie case. Jenkins timely appealed.

## II. Discussion

The EEOC issued a right-to-sue letter on May 16, 2012, allowing Jenkins to sue for the discrimination and retaliation claims raised in his 2011 EEOC charge. Jenkins had 90 days from the date of receipt to file suit, but he is unsure about when he received the notice. *See* 42 U.S.C. § 2000e-5(f)(1). "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The district court, applying a three-day presumption, found that Jenkins received notice on May 19, 2012, which required Jenkins to file his complaint by August 17, 2012. Because Jenkins filed his complaint on August 20, 2012, the district court held it untimely.

Jenkins urges us to apply a more lenient presumption of five days, which will render his suit timely. *See* FED. R. CIV. P. 6(a)(1)(c) (Although August 20, 2012, is ninety-six days after issuance of the right to sue letter, August 19, 2012, was a Sunday. For the purposes of computing time to file suit, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day."). We have applied different presumptions in different contexts and have noted that "[t]he exact number of days is thus an open question in this Circuit." *Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007); *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003)

No. 14-50483

(applying a three-day presumption).  Moreover, the majority of other circuit courts apply a three-day presumption of receipt, primarily citing to Federal Rule of Civil Procedure 6(d),[1] which assumes receipt three days after service is mailed.  *See, e.g.*, *Payan v. Aramark Mgmt. Servs. Ltd. P'ship,* 495 F.3d 1119, 1125 (9th Cir. 2007); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 (11th Cir. 2005); *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999); *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. 1999) (unpublished); *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (presuming the plaintiff received a right-to-sue letter three days after delivery based on Federal Rule of Civil Procedure 6(e)).  *But see Lozano v. Ashcroft*, 258 F.3d 1160, 1164–65 (10th Cir. 2001) (noting that the court has approved either a three-day or a five-day presumption); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 n.9 (6th Cir. 2000) ("The Sixth Circuit allots two days for postal delivery of a RTS notice beyond the three day period allowed by Federal Rule of Civil Procedure 6(e).").

We have repeatedly noted that a three-day presumption is permissible, and have applied such a presumption.  *See Martin*, 353 F.3d at 411; *see also Morgan*, 489 F.3d at 196 ("[W]e have previously expressed the view that a three-day presumption is reasonable . . . .").  Appellant's arguments to the contrary are unavailing.  Jenkins cites to 29 C.F.R. § 1614.604(b) for the proposition that a document is timely if, in the absence of a postmark, it is received within five days of the expiration of the applicable filing period.  Unfortunately for Jenkins, this provision applies only to federal employees,

---

[1] Federal Rule of Civil Procedure 6 has since been amended so that the former Rule 6(e) is now found in Rule 6(d).

which Jenkins is not. *See* 29 C.F.R. § 1614.103. Jenkins's policy arguments are likewise unpersuasive.[2] We conclude that, where the date of receipt is not known,[3] courts should apply a presumption that the plaintiff received the notice in three days. Accordingly, we affirm the district court's holding that Jenkins's claims arising from his 2011 EEOC charge were not timely filed.

Because Jenkins's complaint arising from his 2011 allegations of discrimination and retaliation was not timely filed, we turn to the allegations enumerated in his 2012 EEOC charge. Jenkins contends that he was discriminated against on the basis of his race and age when he was not selected for the position of District Chief of Inspections, and that his non-selection for the position was also in retaliation for filing the 2011 EEOC charge. The district court found that Jenkins failed to state a prima facie case of discrimination because his non-selection for the Inspections position was not an adverse employment action.

We review the district court's grant of summary judgment de novo. *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362 (5th Cir. 2013). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We construe all facts and inferences in the light most favorable to the nonmoving party," *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010), but "[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or

---

[2] Jenkins seemingly argues that application of the three-day presumption does not afford the EEOC's regulations appropriate deference. Given that the EEOC regulations cited by Jenkins are inapplicable here, this argument necessarily fails.

[3] Such a presumption is unnecessary and inappropriate, of course, if there is other evidence showing a date of receipt earlier or later, such as postal evidence or testimony from the plaintiff or other persons with personal knowledge.

No. 14-50483

presentation of only a scintilla of evidence," *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

When, as here, there is no direct evidence of discrimination, we apply the modified *McDonnell Douglas*[4] burden-shifting framework. *See Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). Under the modified *McDonnell Douglas* approach, Jenkins must first establish a prima facie case of racial discrimination by showing that "(1) he belongs to a protected group; (2) he was qualified for the position sought; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

We agree with the district court's assessment that Jenkins did not suffer an adverse employment action. While the denial of a purely lateral transfer is not an adverse employment action redressible under Title VII, *see Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999), "the denial of a transfer *may* be the objective equivalent of the denial of a promotion, and thus qualify as an adverse employment action, even if the new position would not have entailed an increase in pay or other tangible benefits[,] if the position sought was objectively better." *Alvarado v. Tex. Rangers*, 492 F.3d 605, 614 (5th Cir. 2007) (emphasis in original). As part of this inquiry, we evaluate whether the position sought "entails an increase in compensation or other tangible benefits; provides greater responsibility or better job duties; provides greater opportunities for career enhancement; requires greater skill, education, or experience; is obtained through complex selection process; or is otherwise objectively more prestigious." *Id.* (citations omitted).

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973).

No. 14-50483

None of these factors support Jenkins.  He would not benefit financially as District Chief of Inspections,[5] nor does he offer evidence, beyond his subjective beliefs, that the Inspections position was more prestigious or required greater skill, education, or experience than his position as District Chief in charge of CS&E.  *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 283 (5th Cir. 2004) (a plaintiff's subjective belief, without more, is insufficient to establish that a transfer resulted in a loss of prestige).  In sum, Jenkins's has failed to establish that his non-selection as District Chief of Inspections was an adverse employment action.

For the same reason, Jenkins is unable to establish a prima facie case of age discrimination, which requires Jenkins to show, among other things, that he suffered an adverse employment action.  *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003).  Not only did Jenkins not suffer an adverse employment action for the reasons above, but also the employee hired in lieu of Jenkins was less than two years younger than he.  An age gap of less than two years is insufficient to support a prima facie case of age discrimination. *See, e.g., O'Connor v. Consol. Caterers Corp.*, 517 U.S. 308, 313 (1996) ("In the age-discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger."); *see also Earle v. Aramark Corp.*, 247 F. App'x 519, 523 (5th Cir. 2007) (unpublished) (finding that a four year age gap was an insignificant age difference that is not sufficient to support a prima facie case of age discrimination); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (stating that an age difference of five years is a "close question").

---

[5] While Jenkins claims that he has fewer opportunities for overtime pay as District Chief of CS&E compared to District Chief of Inspections, he failed to rebut evidence that the opposite is in fact true.

No. 14-50483

Finally, Jenkins's retaliation claim based on the 2012 selection process also fails.  He maintains that the Fire Department refused to appoint him as District Chief of Inspections in response to his filing of the 2011 EEOC charge.  Where, as here, the Plaintiff does not provide direct evidence of retaliation,[6] Jenkins must show that (1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action.  *See Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008).  It is undisputed that the filing of an EEOC charge is protected conduct.  *See Harvill v. Westward Commc'ns, LLC,* 433 F.3d 428, 439 (5th Cir. 2005).

A materially adverse action, in the retaliation context, is one which might "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted).  Jenkins's retaliation claim cannot satisfy this standard for largely the same reasons his discrimination claims failed.  The roles of District Chief of CS&E, which Jenkins retained, and District Chief of Inspections were considered equivalent within the Fire Prevention Division, and there is no evidence that they differed in terms of compensation, benefits, working conditions, or other factors.  *See Aryain,* 534 F.3d at 485 (indicating that the transfer from an arduous and prestigious position to another comparatively less important position could weigh in favor of material adversity).  Despite his assertion that the District

---

[6] As part of Jenkins's untimely 2011 discrimination claim, he proffered alleged direct evidence of retaliation in the form of statements made by Assistant Chief Crayton in 2009 or 2010.  Those statements by Assistant Chief Crayton do not benefit Jenkins here, as they were made several years prior to the allegedly adverse employment action and thus lack sufficient temporal proximity to serve as direct evidence.  *See, e.g., Ray v. United Parcel Serv.*, 587 F. App'x 182, 188 (5th Cir. 2014) (unpublished) (finding that time span of four to thirteen months between comments and alleged discriminatory conduct were too remote in time to serve as direct evidence).

Chief of CS&E is perceived as less prestigious and provides fewer avenues for advancement, Jenkins acknowledges that the role was vital to the Fire Department and that as District Chief of CS&E he served as the face of Fire Prevention within the community.  Furthermore, whether an employment action is materially adverse is an objective query, and here Jenkins relies solely on his subjective impressions for support.  *See White*, 548 U.S. at 68–69. Thus, while Jenkins clearly coveted the role of District Chief of Inspections, his subjective preference is not enough to make his non-selection materially adverse.  *Aryain*, 534 F.3d at 485 (citing *White*, 548 U.S. at 68).

For the foregoing reasons we AFFIRM the judgment of the district court.