# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30761

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

SHAWLEAN LEE,

Plaintiff - Appellant

v.

COLUMBIA/HCA OF NEW ORLEANS, INCORPORATED, doing business as
Tulane University Hospital,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5907

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Pro se plaintiff Shawlean Lee sued her former employer, Columbia/HCA
of New Orleans, Inc., d/b/a Tulane University Hospital.  Lee's complaint alleges
discrimination based on race and disability under federal and state law.  The
district court dismissed Lee's complaint, holding that it was time-barred under
the filing deadlines for claims brought under Title VII and the Americans with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-30761

Disabilities Act.  But neither Columbia nor the district court addressed Lee's claim under the Louisiana Employment Discrimination Law, which provides a different limitations period.  We affirm the dismissal of the federal claims, but reverse and remand with respect to the state law claim that was not addressed in the district court.

Lee lost her job with Columbia in November of 2011.  Shortly thereafter, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that Columbia discriminated against her based on race and disability.  She obtained a right-to-sue letter from the EEOC, which was dated April 11, 2013 and noted that she had "90 days to file a private suit in federal or state court."  Lee attached this right-to-sue letter to the complaint that she filed in federal court.  Although her complaint acknowledges that she received the EEOC letter, it alleges that she gave it to a lawyer without noticing the 90-day filing deadline.

Lee filed her lawsuit on September 24, 2013.  Citing the Louisiana Employment Discrimination Law and her charge to the EEOC, Lee alleged that Columbia fired her because of her race, sex, disability, and related medical conditions.  Columbia moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Lee's federal claims were untimely. Columbia's motion never mentioned Lee's claim under the Louisiana Employment Discrimination Law.  The district court granted the motion and dismissed Lee's entire complaint as time-barred, concluding that Lee did not file within 90 days of her receipt of the EEOC letter.  The district court also held that Lee was not entitled to equitable tolling.  Like Columbia, it did not discuss Lee's claim under Louisiana law.

We review a dismissal under Rule 12(b)(6) de novo.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).  We review a district court's decision to deny equitable tolling for abuse of discretion.  *Teemac v. Henderson*,

No. 14-30761

298 F.3d 452, 457 (5th Cir. 2002).  We hold "pro se complaints . . . to less stringent standards than formal pleadings drafted by lawyers," but "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Taylor*, 296 F.3d at 378 (citations omitted) (internal quotation marks omitted).

Title VII claimants must file suit within 90 days of receipt of an EEOC right-to-sue letter.  42 U.S.C. § 2000e-5(f)(l); *see also Taylor*, 296 F.3d at 379. The same deadline applies to claims under the Americans with Disabilities Act (ADA). 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5). In the absence of a concrete allegation to the contrary, we presume that a claimant receives an EEOC right-to-sue letter within three days after it is mailed.  *See Jenkins v. City of San Antonio*, --- F.3d ----, 2015 WL 1802133, *3 (5th Cir. Apr. 20, 2015).  Lee does not allege that she received the letter outside of that time period.  Thus, applying the presumption, Lee received the EEOC letter by April 14, 2013, so she had to file her suit by July 13, 2013.  She therefore filed the complaint over two months late.

Even though Lee did not ask the district court to toll the limitations period, the court considered the possibility that equitable tolling was warranted based on the following circumstances: Lee had recently suffered from abuse, her son was recently arrested, and she had resided in a women's shelter when her lawyer attempted to fax the right-to-sue letter back to her. The record also reflects that Lee stated in her response to Columbia's motion to dismiss that she had not been taking some of her medications, which made it difficult to "fight for [her] rights."  But the district court ultimately did not toll the limitations period.

The district court did not abuse its discretion in declining to equitably toll the deadline.  Although there is no exhaustive list of circumstances that justify equitable tolling, the doctrine typically applies in three situations: (1)

3

the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment; or (3) the EEOC's misleading the plaintiff about the nature of her rights. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). As the district court pointed out, Lee received the EEOC letter, but she either did not read it or did not read it carefully enough to notice the 90-day deadline before she gave it to her lawyer. The district court thus found that Lee's circumstances, though difficult, did not interfere with her ability to file a complaint. Given the deferential abuse-of-discretion standard through which we consider this issue, we cannot say the district court erred in declining to apply equitable tolling. We therefore affirm dismissal of Lee's federal claims.[1]

A different result is warranted for Lee's appeal concerning her claim under the Louisiana Employment Discrimination Law. As a basis for relief, Lee's complaint cites "LSA-R.S. 23:301 et seq.," which is the Louisiana Employment Discrimination Law. That citation is more than existed in a recent civil rights case in which the Supreme Court held that a district court erred in dismissing the complaint on the ground that the lawyers filing it did not cite 42 U.S.C. § 1983. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 346–47 (2014). Lee's complaint, which included the citation to the relevant state statute, is thus more than sufficient under the more liberal pro se pleading standard to invoke the state statute. *See Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] Lee states in her appellate brief that she would now like to bring a claim under the Equal Pay Act and also cites a number of other statutes, such as the Family and Medical Leave Act and the Louisiana Whistleblower Statute, that were not mentioned in her complaint. Even a pro se litigant generally cannot bring new claims on appeal, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), so we do not consider these statutes. Although we hold that Lee cannot raise these new claims for the first time on appeal, we express no view on their merits or whether she can timely amend her pleading to add them on remand.

No. 14-30761

(2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations omitted) (internal quotation marks omitted)). As mentioned previously, Columbia's motion to dismiss discussed only the federal claims, and the district court dismissed Lee's entire complaint without addressing her state law claim. Even on appeal, Columbia does not mention Lee's Louisiana Employment Discrimination Law claim in its brief, despite Lee having done so in hers.

The basis for Columbia's motion and the district court's dismissal— the 90-day deadline from receipt of the EEOC letter that applies to the federal claims—does not apply to Lee's claim under Louisiana law. *See* La. R.S. 23:303(D) (setting the prescriptive period at 12–18 months); *see also Moore v. Tangipahoa Parish School Bd.*, 594 F.2d 489, 495 (5th Cir. 1979) (holding that a defendant may waive prescription by failing to properly assert it). Given that the federal deadline does not apply to Lee's state law claim, remand is appropriate. *See, e.g.*, *Matthieu v. Cain*, 44 F. App'x 651 (5th Cir. 2002). As only the state law claim remains, the district court may consider whether it should continue to exercise supplemental jurisdiction over that claim or whether to dismiss it and allow it to be litigated in state court. *See* 28 U.S.C. § 1367(c)(3) (listing the situation in which "the district court has dismissed all claims over which it has original jurisdiction" as one of the bases for a court to decline to exercise supplemental jurisdiction).

The dismissal of the Title VII and ADA claims is AFFIRMED. The dismissal of Lee's claim under the Louisiana Employment Discrimination Law is REVERSED and that claim is REMANDED.