# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20628
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2015

Lyle W. Cayce
Clerk

CHARLES H. JULIAN,

      Plaintiff - Appellant

v.

CITY OF HOUSTON,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. 4:12-CV-02973

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Charles Julian appeals the district court's partial grant of summary judgment on his age and race discrimination and retaliation claims in favor of the City of Houston. We AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20628

I.

Julian is a long-time veteran of the Houston Fire Department (HFD or the Department). Born in 1942, Julian joined the Department in 1968. By 1977, he had been promoted to Captain, and by 1980, he was serving as Senior Captain. In 1984, he was promoted to District Chief. After unsuccessfully applying for further promotions, Julian filed two successful lawsuits against HFD alleging employment discrimination. *See Julian v. City of Houston*, No. H-99-0628 (S.D. Tex. Mar. 1, 1999); *see also Julian v. City of Houston*, No. H-06-0220 (S.D. Tex. Jan. 20, 2006). Throughout the aforementioned litigation and this current suit, Julian claims that he has continuously failed to advance within the Department. Specifically, Julian alleges that he sought several times the position of Acting Deputy Chief/Shift Commander between 1992 and 2011, but was never promoted to that position.

Soon after Annise Parker became Mayor of Houston in 2010, she initiated a search for a new Fire Chief for the Department. The City hired an outside firm, Emergency Services Consulting, Inc. (ESCI), to conduct the search and to present the Mayor with two candidates.[1] Mayor Parker told ESCI officials that she wanted a national search, with no preference for either an internal or external candidate.

In January 2010, Julian applied for Fire Chief, sending his application directly to Mayor Parker's office. Julian again submitted his application for Fire Chief, this time to ESCI, in accordance with the City's formal Fire Chief selection process, on June 18, 2010. In all, 24 applicants were considered for the Fire Chief position. ESCI first narrowed the field to 12 semifinalists based on their applications and written answers to the submitted questions. Julian

---

[1] Mayor Parker was responsible for appointing the Fire Chief, with confirmation by the City Council, but had no part in the candidate selection process.

was not selected as a semifinalist; therefore, his application did not advance beyond the initial stage. ESCI then conducted telephone interviews with the semifinalists and narrowed the pool to seven finalists. From that group, ESCI selected two applicants to submit to Mayor Parker: Rick Flanagan and Terry Garrison. Both are younger than Julian. On August 25, 2010, the City announced that Terry Garrison was chosen as Houston's next Fire Chief.

In November 2010, Garrison announced that he would create a new, eighth Deputy Chief/Shift Commander position. In a memorandum circulated that month, the Acting Executive Assistant Fire Chief announced that HFD would be accepting applications to temporarily fill the new Deputy Chief/Shift Commander position, until a permanent replacement was hired. Julian applied for this position, but in December 2010, the position was awarded to three candidates: Richard Mann, Mark Donovan, and Greg Lewis. All are younger than Julian.

Julian filed complaints with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights (TCHR) on February 1, 2011, alleging that the City discriminated against him because of his race and age and retaliated against him for his previous litigation against the City. Due to this discrimination and retaliation, Julian alleges that: 1) he received low performance evaluations since 2005; 2) he was denied the position of Fire Chief in June 2010; 3) he had been denied Acting Deputy Chief/Shift Commander positions from 1992–2011; and 4) he was denied the new Deputy Chief/Shift Commander position in 2010. On June 4, 2012, Julian sued the City concerning these employment decisions in state court under the TCHR Act, Texas Labor Code §§ 21.001–21.556. The City removed the case to the Southern District of Texas in October 2012, after Julian added allegations

3

No. 14-20628

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634.[2]

On June 6, 2014, the City filed a motion for summary judgment on all claims. The district court denied summary judgment on Julian's race and age discrimination claims relating to the denial of his opportunity to "ride up" into the newly-created eighth Acting Deputy Chief/Shift Commander position. However, the district court granted summary judgment on the remaining allegations, including the age discrimination and retaliation claims related to Julian not being chosen as Fire Chief.

On appeal, Julian only refutes the grant of summary judgment on the age discrimination and retaliation claims related to the Fire Chief position and argues that he established prima facie cases for both claims. He also argues that the City failed to meet its burden of production in refuting these claims. As such, he argues that summary judgment was improperly granted.

II.

We review the district court's grant of summary judgment de novo. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015). Summary judgment is warranted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Because Julian's discrimination case is built on circumstantial evidence, his claims must be analyzed according to the *McDonnell Douglas Corp. v. Green* burden-shifting framework. 411 U.S. 792, 802 (1973). Pursuant to this analytical framework, a plaintiff must first put forward a prima facie case of discrimination, demonstrating that: 1) the plaintiff was a member of a

---

[2] Julian makes the same four claims under federal law as he alleged under the TCHR Act.

4

No. 14-20628

protected group; 2) the plaintiff was qualified for the position in question; 3) the plaintiff suffered an adverse employment action; and 4) the plaintiff was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam). If the plaintiff establishes a prima facie case, the defendant must then proffer a legitimate, non-discriminatory reason for the challenged employment action. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). However, this legitimate reason is rebuttable by the plaintiff's evidence that the defendant's reason is merely a pretext for discrimination. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001).

### III.

"A showing that the unsuccessful employee was 'clearly better qualified' (as opposed to merely better or as qualified) than the employees who are selected will be sufficient to prove that the employer's proffered reasons are pretextual." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922–23 (5th Cir. 2010) (citing *EEOC v. La. Office of Cmty. Servs.,* 47 F.3d 1438, 1444 (5th Cir. 1995) (internal quotation marks omitted).

On appeal, Julian claims that he was denied the Fire Chief position in June 2010 because of his age. However, the City asserts that Garrison is more qualified for the position than Julian because Julian lacked both a four-year college degree and a graduate degree, which were "highly preferred" and "desired," respectively, while Garrison held both undergraduate and graduate degrees. The City also points to Garrison's prior Fire Chief experience—he had served as Fire Chief in two other fire departments and had risen to the rank of Assistant Chief in the Phoenix, Arizona Fire Department, where he had worked for over thirty years. By contrast, the City claims that Julian has no such experience. Julian does not contest that the City has met its burden of

production with this evidence but responds that the City's reasons are merely pretextual, claiming that he was, in fact, better qualified for the Fire Chief position than Mr. Garrison and that procedural irregularities[3] in the selection process show that the City's reasons are false.

Although demonstrating a prima facie case of age discrimination, Julian has not demonstrated pretext because he has failed to refute the City's legitimate, nondiscriminatory reason for not choosing him for Fire Chief: he was not "clearly better qualified (as opposed to merely better or as qualified)" than Garrison. *Moss*, 610 F.3d at 922; *see also Price v. Fed. Exp. Corp.*, 283 F.3d 715, 723 (5th Cir. 2002) ("[A] showing that the unsuccessful employee was clearly better qualified is enough to prove that the employer's proffered reasons are pretextual."). Julian's "attempt to equate years served with superior qualifications . . . [is] unpersuasive[,]" *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir. 1996) (internal citation omitted), and we simply cannot say that just because Julian has been a firefighter for the City for many years that "no reasonable person, in the exercise of impartial judgment, could have chosen [Garrison] over [Julian] for the [Fire Chief position]" when comparing their qualifications. *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999). Further, although the evidence regarding Garrison's application was somewhat troubling,[4] it is insufficient to

---

[3] While a company's "failure to follow internal procedures is generally not enough to create a genuine issue of fact as to discriminatory motives," *Grubb v. Southwest Airlines*, 296 F. App'x 383, 390 (5th Cir. 2008) (per curiam) (citing *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir. 1993)), "the nature of the internal policy and the extent of the deviation in the particular case could give rise to evidence of pretext in light of all the other relevant facts," *Martinez v. Tex. Workforce Comm'n–Civil Rights Div.*, No. A-11-CA-837, 2014 WL 931425, at *7 (W.D. Tex. Mar. 10, 2014) (citing *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 355 (5th Cir. 2005)).

[4] Julian contends that Garrison neither timely applied for the Fire Chief position, nor underwent a telephone interview, which was a component of the selection process. Julian further claims that Garrison removed himself from selection with a telephone call and then later revived his application with another telephone call. However, ESCI's witness

demonstrate pretext because it does not serve to cast any doubt on the legitimate, nondiscriminatory reason the City has proffered for its decision: that Garrison was better qualified for the Fire Chief position than Julian. Thus, summary judgment was warranted as to Julian's age discrimination claim, under federal and state law,[5] regarding the denial of the Fire Chief position.

## IV.

An employer is also prohibited from taking an adverse employment action against an employee because that employee filed an employment discrimination charge or took other similarly protected action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006).

Julian argues that he was denied the Fire Chief position because he had previously successfully sued the City for employment discrimination in the HFD. The parties' arguments hinge upon whether Julian established a prima facie case for retaliation. However, assuming without deciding that Julian established a prima facie case for retaliation, summary judgment was also warranted on this claim. Given the City's legitimate, nondiscriminatory reasons for its selection of Garrison—that Julian did not advance through ESCI's selection process and that Garrison was clearly better qualified for the position than Julian—and, given that Julian makes the same pretextual arguments he made for his age discrimination claim, he has failed to show

---

repeatedly stated that ESCI did indeed have a timely application from Garrison, and Julian pointed to no rule prohibiting such revival of an application. Although this evidence may raise a fact question as to whether the rules were bent regarding Garrison's application, it is insufficient to demonstrate pretext in light of the City's legitimate, nondiscriminatory reasons for not hiring Julian.

[5] Texas courts evaluate discrimination claims under the TCHRA using federal employment discrimination law, as the Texas Legislature, in adopting the act, "intended to correlate state law with federal law in employment discrimination cases." *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (internal quotation marks and citation omitted).

pretext on this claim as well.  As such, summary judgment on this claim was also warranted.

We AFFIRM.