# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2015

Lyle W. Cayce
Clerk

RICHARD GAMEL,

     Plaintiff - Appellant

v.

GRANT PRIDECO, L.P.,

     Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2636

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

     Plaintiff–Appellant Richard Gamel appeals the district court's order granting a motion to dismiss made by Defendant–Appellee Grant Prideco, L.P. Gamel argues that the district court erred by finding that his employment discrimination lawsuit was not timely filed. For the following reasons, we AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20096

## I. FACTUAL AND PROCEDURAL BACKGROUND

Grant Prideco, L.P., hired Richard Gamel in 2008 to work as a machinist. Grant Prideco terminated Gamel's employment in May 2009, re-hired him in October 2010, and terminated him again in January 2012. Gamel alleges that beginning in the summer of 2011 and continuing throughout the remainder of his time at Grant Priedco, the Hispanic employees with whom he worked singled him out because he was white and, on several occasions, attempted to sabotage his work. After reporting these incidents to human resources, Gamel alleges that his supervisors suggested that if he reported anything further, he would lose his job.

During the latter part of 2011, Gamel's work schedule changed so that his start and end times shifted on several occasions. Around this time, Gamel began to experience sleep disturbances. On January 6, 2012, a physician diagnosed Gamel with a sleep disorder and issued a note to Grant Prideco advising it to allow Gamel to work a more consistent schedule. Gamel contends that Grant Prideco used the physician's note as an excuse to prevent him from working. Gamel's physician later issued a second note clarifying how Grant Prideco should accommodate Gamel's condition. After receiving this second note, Grant Prideco terminated Gamel's employment because, Gamel alleges, it could not accommodate his disability.

Following his termination in January 2012, Gamel filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 7, 2012, alleging race and disability discrimination and retaliation. The EEOC reviewed and dismissed Gamel's charge and subsequently issued a Dismissal and Notice of Rights (the "right-to-sue letter") on May 20, 2014. This letter advised Gamel that he could file a lawsuit against Grant Prideco but must do so within ninety days of receipt of the notice.

2

No. 15-20096

The right-to-sue letter reflected May 20, 2014, as the "Date Mailed," and an internal EEOC log indicates that the letter was mailed to Gamel on this date. Additionally, Tremayne Severin, an EEOC employee whose job includes mailing right-to-sue letters, stated in a sworn affidavit that her records show she mailed the right-to-sue letter on May 20, 2014. However, in a sworn declaration, Gamel denied receiving a right-to-sue letter in May 2014.

On June 20, 2014, Gamel sent an e-mail to an EEOC investigator, inquiring about the status of his case. The investigator responded on June 23, informing Gamel that his case had been dismissed and that the right-to-sue letter had been issued. The investigator also offered to send Gamel a copy of the right-to-sue letter and mailed that copy to the same address as the original on June 26, 2014. Gamel claimed that this letter was the first right-to-sue letter he received and submitted an envelope with a postmark of "June 26, 2014" as evidence that he did not receive a right-to-sue letter until late June.

Gamel filed this discrimination lawsuit on September 12, 2014—115 days after the EEOC log and the right-to-sue letter itself indicate the letter was mailed and seventy-eight days after the postmarked date on the letter Gamel received in June 2014. Grant Prideco moved to dismiss Gamel's complaint. The district court granted the motion, holding that Gamel's lawsuit was untimely because the ninety-day window, within which Gamel was required to file his lawsuit, began on May 27, 2014, seven days after the right-to-sue letter and EEOC log indicate the letter was mailed. Gamel timely appealed.

## II. STANDARD OF REVIEW

The district court dismissed Gamel's complaint for failure to state a claim upon which relief could be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, Gamel correctly points out that the district court considered evidence outside the pleadings when ruling on Grant

3

No. 15-20096

Prideco's motion to dismiss. The district court considered three important pieces of evidence: the affidavit of Severin stating that her records indicated the right-to-sue letter was mailed on May 20, 2014, the EEOC log indicating the same, and Gamel's sworn declaration stating that he did not receive a right-to-sue letter until late June 2014. Gamel argues that because the district court considered matters outside the pleadings, this court should review the district court's decision as one for summary judgment. We agree.

Rule 12(d) of the Federal Rules of Civil Procedure states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[1] Fed. R. Civ. P. 12(d). Therefore, when the district court considered the affidavit, sworn declaration, and EEOC log, it converted the motion to dismiss into a motion for summary judgment. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) ("When the district court considered [matters outside the pleadings], he in fact converted the motion to dismiss into a motion for summary judgment."). Rule 12(d) also requires that if a court treats a motion to dismiss as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Nowhere does the record indicate that either party was not given a reasonable opportunity to present material or that the procedural safeguards embodied in Rule 56 were not observed. Furthermore, both parties rely on evidence outside the pleadings. Therefore, this court "may review the lower court's decision as one for summary judgment even if the [district] court mislabeled it as a dismissal." *Washington*, 901 F.2d at 1284.

---

[1] Prior to 2007, the language in Rule 12(d) requiring that motions to dismiss under Rule 12(b)(6) be treated as motions for summary judgment under Rule 56 was included in rule 12(b).

No. 15-20096

Because we review Grant Prideco's motion to dismiss as a motion for summary judgment, the Rule 56 standard of review applies. "This court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court." *Test Masters Educ. Servs., Inc. v. State Farm Lloyds*, 791 F.3d 561, 564 (5th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "We construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks omitted). However, "[s]ummary judgment may not be thwarted by conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

## III. DISCUSSION

Prior to pursuing claims in federal court, a plaintiff alleging employment discrimination must exhaust his administrative remedies. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam). A plaintiff must timely file a charge of discrimination with the EEOC, and if the EEOC dismisses this charge, it must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). Plaintiffs have ninety days from the date they *receive* this notice from the EEOC, i.e., a right-to-sue letter, to file a lawsuit. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam) ("A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice

5

of her right to sue from the EEOC."); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is *received . . . .*"). The requirement that a plaintiff file a lawsuit within this ninety-day period is "strictly construed." *Taylor*, 296 F.3d at 379; s*ee also Butler v. Orleans Parish Sch. Bd.*, No. CIV. A-00-0845, 2001 WL 1135616, *2–3 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims when plaintiff filed her complaint one day beyond the ninety-day period). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (quoting *Dao*, 96 F.3d at 789). Thus, whether the district court properly dismissed Gamel's lawsuit as untimely depends on whether Gamel received notice of the right to sue from the letter mailed May 20, 2014, or the letter mailed June 26, 2014.

In concluding that Gamel received the right-to-sue letter in May 2014, the district court presumed that he received it seven days after the EEOC log, and the letter itself, indicated it was mailed. The court held that Gamel failed to rebut the presumption of receipt by simply stating that he did not receive a right-to-sue letter in May 2014. The court also ruled that the envelope Gamel provided with the postmark "June 26, 2014" was not sufficient to rebut the presumption because it could have easily contained a copy of the original right-to-sue letter. We agree with the district court and address whether the presumption of receipt applies in this case and whether Gamel rebutted that presumption in turn.

## A. Gamel Is Presumed to Have Received the Right-to-Sue Letter on May 23, 2014

When doubt exists as to whether an addressee received a letter, we have previously applied the mailbox rule, which provides that "[p]roof that a letter

properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007) (per curiam) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)); *see also Taylor*, 296 F.3d at 379 (applying presumption of receipt in Title VII context).  Placing a letter in the mail may be proved by circumstantial evidence, such as evidence of the sender's standard mailing practices.  *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 420 (5th Cir. 2007).    Furthermore, "[a] sworn statement is credible evidence of mailing for the purposes of the mailbox rule." *Id.* (quoting *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 964 (9th Cir. 2001)).

In this case, Grant Prideco submitted the affidavit of the EEOC employee responsible for mailing right-to-sue letters in which she stated that her records indicated she mailed the right-to-sue letter on May 20, 2014. Additionally, Grant Prideco provided circumstantial evidence in the form of an internal EEOC log and the stamped date on the letter itself reflecting May 20, 2014, as the mailing date.  This evidence is more than sufficient to create a presumption that Gamel received the right-to-sue letter.  *See Ekong,* 518 F.3d at 287.  Consistent with *Jenkins v. City of San Antonio Fire Department*, which held that when "the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days," the evidence submitted by Grant Prideco creates a presumption that Gamel received the right-to-sue letter from the EEOC on May 23, 2014. 784 F.3d 263, 267 (5th Cir. 2015) (footnote omitted).

In *Jenkins*, however, we noted that a presumption of receipt "is unnecessary and inappropriate, of course, if there is other evidence showing a date of receipt earlier or later, such as postal evidence or testimony from the plaintiff or other persons with personal knowledge."  *Id.* at 267 n.3.  Gamel

No. 15-20096

argues that because he submitted a sworn declaration stating that he did not receive a right-to-sue letter until late June 2014, he has provided enough evidence to prevent the creation of a presumption of receipt. However, Gamel's argument is unpersuasive for two reasons. First, in *Jenkins*, the dispute concerned *when* the plaintiff received a right-to-sue letter, not *whether* he received it at all. *Id.* at 265–67. In this case, the parties dispute whether Gamel received the May 2014 letter at all, not simply the date on which he received it, so the statement in *Jenkins* is not applicable here. Second, while evidence that a letter was never mailed could prevent a court from presuming receipt, in *Custer* we refused to adopt a rule "such that a plaintiff's bare assertion of non-receipt could create a genuine issue of material fact to survive summary judgment." 503 F.3d at 421.

Gamel also contends that the envelope with a postmark of "June 26, 2014" and an e-mail from the EEOC offering to send him another copy of the right-to-sue letter along with his sworn declaration were sufficient to prevent the district court from presuming receipt in May 2014. However, the district court correctly concluded that both the e-mail and envelope are consistent with Gamel receiving a copy of the right-to-sue letter in June 2014,[2] and the receipt of the copy does not imply the non-receipt of the original. Thus, with only his sworn declaration as evidence that he did not receive the right-to-sue letter in May 2014, Gamel has not provided sufficient evidence to prevent the application of a presumption of receipt.

**B. Gamel has Not Rebutted the Presumption of Receipt**

Once the presumption of receipt applies, "[i]f a particular plaintiff can offer some evidence to demonstrate that he or she did not receive the letter

---

[2] A second right-to-sue letter does not restart the ninety-day window in which a claimant may file a lawsuit. *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) (per curiam).

within the allotted time, the presumption can certainly be overcome." *Morgan v. Potter*, 489 F.3d 195, 197 n.1 (5th Cir. 2007). Gamel offers the same evidence to rebut the presumption of receipt as he does to prevent its application in the first place. However, "[t]he addressee's 'bare assertion of non-receipt' is insufficient to rebut the [presumption]." *Ekong*, 518 F.3d at 287 (quoting *Custer*, 503 F.3d at 421). In *Ekong*, the government established a presumption that the defendant received a letter by submitting the affidavit of the employee responsible for mailing the letter, in which she stated she mailed it, as well as business records indicating the letter had been mailed. *Id.* The defendant submitted only her own affidavit, in which she stated she never received the letter, and the court held that this affidavit was not sufficient to rebut the presumption of receipt. *Id.* We are bound by the court's decision in *Ekong*, and the relevant facts of this case are similar. Therefore, Gamel's sworn declaration is not sufficient to overcome the presumption of receipt. We note that while the circumstantial evidence submitted by Gamel shows that he received a copy of the right-to-sue letter in late June 2014, that evidence does not show that he did not receive the original right-to-sue letter on May 23, 2014.

Gamel argues that this court's decision in *Duron*, which vacated a summary judgment when the plaintiff stated that she did not receive a right-to-sue letter until two years after the date reflected in the letter, supports his ability to rebut a presumption of receipt with only a sworn declaration. 560 F.3d at 290–91. However, in *Duron* the defendant did not "produce[] any business records or other physical evidence that the EEOC sent the notice of the right to sue [and] . . . submitted no affidavits in support of the mailing," while in this case the defendant has produced both an affidavit and an internal log showing the EEOC mailed the letter. *Id.* at 291. Therefore, this case offers

9

no support for Gamel's position that a sworn declaration can rebut the presumption, and *Ekong* positively refutes that position.  518 F.3d at 287.

Because Grant Prideco submitted sufficient evidence to create a presumption that Gamel received the right-to-sue letter from the EEOC on May 23, 2014, and because Gamel failed to rebut this presumption, Gamel's lawsuit was not timely.  Gamel filed this lawsuit 112 days after he is presumed to have received the right-to-sue letter, or twenty-two days after his ninety-day window closed.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.