# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50945
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

ALEX ZAMORA,

      Plaintiff - Appellant

v.

GC SERVICES, L.P.,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC 3:15-CV-48

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Alex Zamora appeals the district court's grant of summary judgment for GC Services, L.P., his former employer, on his claims brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12117, which the district court concluded were untimely filed. Because we conclude that disputes of material fact remain regarding when Zamora received the notice of his right to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50945

sue and therefore when the limitations period expired, we VACATE the district court's grant of summary judgment for GC Services and REMAND this case.

I.

Zamora filed a petition in Texas state court on November 21, 2014, alleging that GC Services unlawfully discriminated against him based on his disability. GC Services generally denied the petition and moved for summary judgment on the basis that any state claims were barred by Texas's statute of limitations. Zamora amended his complaint to allege claims under the ADA, and GC Services removed the case to federal court, where it moved to dismiss Zamora's ADA claims as time barred. Since both parties submitted documentary evidence to support their briefing on the motion to dismiss, the district court converted the motion to one for summary judgment under Federal Rule of Civil Procedure 12(d), after notice to the parties and a hearing on the motion. Concluding that Zamora filed suit 91 days after receiving notice from the EEOC of his right to sue and therefore outside the ninety-day limitations period, the district court granted summary judgment for GC Services. After the district court denied Zamora's motion for reconsideration, Zamora filed a timely appeal.

This court has jurisdiction over the final order of the district court under 28 U.S.C. § 1291. The district court had jurisdiction over Zamora's federal ADA claims under 28 U.S.C. § 1331. We review an order granting summary judgment de novo, avoiding credibility determinations while interpreting all facts and drawing all reasonable inferences in favor of Zamora, the nonmovant. *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). Summary judgment is properly granted only if GC Services showed there is no genuine dispute as to any material fact and that it was entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

No. 15-50945

II.

A plaintiff alleging employment discrimination in violation of the ADA must file a civil action no more than ninety days after receiving notice of the right to sue from the Equal Employment Opportunity Commission ("EEOC"). *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)). The district court found Zamora's suit untimely because it concluded that the EEOC sent Zamora a right to sue letter on August 19, 2014. It then applied a presumption that Zamora received the letter within three days of its mailing, by August 22, 2014, making the filing on November 21, 2014, late by one day.

*A. The Mailbox Rule and Presumptions of Receipt*

We have previously ruled that when the plaintiff is unable to remember or state a date on which he received notice, we will apply a presumption that it was received three days after mailing. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015). Although *Jenkins* made clear that the presumption "is unnecessary and inappropriate . . . [where] there is other evidence showing a date of receipt earlier or later, such as . . . testimony of the plaintiff," *id.* at 267 n.3, the district court assumed that the three-day rule applies in all cases regardless of the evidence presented by the plaintiff. Unlike Mr. Jenkins, Zamora does not claim he cannot remember when he received the notice.[1] Rather, Zamora submitted and gave live, sworn testimony that he did not receive the EEOC's notice *at all* until early November 2014, after he called the EEOC to inquire about the notice in late October and the EEOC responded by sending the notice to his address.

---

[1] By contrast, in *Jenkins*, the plaintiff "could not identify the date he received the right-to-sue letter from the EEOC." *Jenkins v. City of San Antonio Fire Dep't*, 12 F. Supp. 3d 925, 934 (W.D. Tex. 2014), *aff'd*, 784 F.3d 263 (5th Cir. 2015).

3

No. 15-50945

We need not decide the effect of *Jenkins* in a case of alleged total non-receipt because we conclude that, even assuming arguendo the three-day presumption applies to such a case, there are fact issues regarding when the notice was mailed. *Cf. id.* at 267 (applying the presumption when the date of mailing was apparently undisputed); *Gamel v. Grant Prideco, L.P.*, 625 F. App'x 690, 694–95 (5th Cir. 2015) (holding the employer provided sufficient evidence that the EEOC mailed the notice on a certain date via an "affidavit of the EEOC employee responsible for mailing right-to-sue letters in which she stated that her records indicated she mailed the right-to-sue letter" on that date, and "an internal EEOC log and the stamped date on the letter itself reflecting" that same mailing date). Unlike prior cases where the three-day presumption of receipt has been applied, the evidence of the date on which the EEOC mailed this notice to Zamora is vague and tenuous. There is no direct testimony or business records evidence of the date on which the notice was mailed. *Compare Duron*, 560 F.3d at 291 (noting the absence of this evidence was problematic for presuming receipt of a right to sue notice), *with Gamel*, 625 F. App'x at 694–95 (involving business records and testimony that the notice was mailed on a particular date).

Instead, the evidence shows that the notice in this case contains a "Date Mailed" field, stamped August 19, 2014. An internal EEOC log notes the notice was "issued" on August 18, and that the file was returned to a different EEOC division on August 22, 2014, effectively closing the case. A declaration from an EEOC official in the relevant office notes the EEOC's "usual and regular procedure" is "to mail the [right to sue notice] on the same day, or in some instances on the following day" as the date reflected on the notice. This furnishes some circumstantial evidence of normal business practices, but does not definitively show the notice was mailed on August 19. *Cf. Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 208 (5th Cir. 2015) (noting evidence that

4

No. 15-50945

"an EEOC case log reflects that the [right to sue] letter was mailed" on the date after the date listed on the letter itself).    Indeed, it is some evidence that it might have been mailed on August 20.  That one day difference is enough to impact this case.

Based on this evidence, the district court erred in treating the August 19 date as the undisputed trigger date for using the mailbox rule.  This record contains a dispute of material fact regarding whether the EEOC mailed the notice on August 19 or August 20.  Drawing all inferences in Zamora's favor, the EEOC could have sent the letter on August 20.[2]  If we applied the mailbox rule, we would then presume Zamora received the notice by Saturday, August 23, giving him until November 21, 2014, to file suit.  Since Zamora filed his suit on November 21, 2014, the district court erred in concluding there were no issues of material fact preventing summary judgment against Zamora for untimely filing his ADA claims.

## B.  The Nature of Zamora's Suit

GC Services argues that it prevails on its limitations defense even if we use the August 20 trigger date because Zamora's amended petition does not relate back to the November 21, 2014, filing.  GC Services notes that Zamora did not specifically allege any ADA claims in the petition he filed in state court on that date.  Instead, Zamora generally alleged employment discrimination due to his disability and a failure to reasonably accommodate that disability, without specifically naming either the ADA or the Texas Labor Code, which also provides protection against employment discrimination. Zamora attached various exhibits to his state court petition, including an EEOC Charge of Discrimination form that was filed with the EEOC and the Texas Workforce

---

[2] GC highlights that its counsel received a copy of the notice on August 21, 2014.  This evidence does not prove mailing on August 19 as opposed to August 20.

No. 15-50945

Commission, and the right to sue letter from the EEOC. Although Zamora did not specifically cite the ADA until February 18, 2015, we conclude that his amended petition clearly relates back to the November 21 petition. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946–47 (5th Cir. 2014) (applying state law to the question of whether one state pleading related back to a prior state pleading); TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2014) (relation back statute).

Texas law requires courts to construe the petition liberally in favor of the pleader. *See Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).[3] Doing so, we conclude that under Texas procedure, ADA claims could be reasonably inferred from the allegations in Zamora's original petition, filed on November 21, 2014. Accordingly, Zamora's amended petition specifically asserting ADA claims relates back to his original petition under Texas law, and we consider the date of filing to be November 21, 2014.

## III. Conclusion

For the reasons stated, we VACATE the grant of summary judgment for GC Services on the issue of whether Zamora timely filed his ADA claims and REMAND this case for further proceedings.

---

[3] This rule of liberal construction may not apply if a defendant files for special exceptions to obtain a more definite state of the plaintiff's claim under Texas law. *See Boyles*, 855 S.W.2d at 601. We need not address this issue, as the record shows GC Services filed a general denial, and GC Services does not contend it ever filed special exceptions.

6