**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2009

Charles R. Fulbruge III
Clerk

No. 07-30290

MARGARITA DURON,

Plaintiff–Appellant,

v.

ALBERTSON'S LLC,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before GARZA, STEWART, and OWEN, Circuit Judges.

PER CURIAM:

Margarita Duron brought this suit against Albertson's LLC (Albertson's) alleging discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964.[1] The district court granted summary judgment for Albertson's, concluding that Duron's suit was untimely because she failed to rebut the presumption that she received a right-to-sue letter in the mail in due course. We vacate and remand to the district court for further proceedings.

---

[1] 42 U.S.C. § 2000e, *et seq.*

# I

Duron filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) asserting that Albertson's discriminated on the basis of her Hispanic national origin. Albertson's subsequently terminated Duron. She then filed a second charge with the EEOC alleging that her termination was in retaliation for her earlier EEOC charge and that Albertson's discriminated against her based on her national origin.

The Louisiana Commission on Human Rights (LCHR) reviewed and dismissed Duron's charge on September 24, 2004. Duron's counsel then asked the EEOC to conduct a substantial weight review. The EEOC subsequently issued a "Dismissal and Notice of Rights" adopting the LCHR's findings and advising Duron that she would have to file a lawsuit, if at all, within ninety days of receipt.

The letter reflected October 4, 2004, as the "Date Mailed" and was addressed from the EEOC's New Orleans District Office to Duron in Metairie, Louisiana. There is no evidence that the EEOC mailed a copy of the letter to Duron's attorney. The letter reflects that a copy of the letter was sent to Lyol Brumby of Albertson's employee-relations department. However, Albertson's did not produce any evidence of receipt by Brumby or anyone else at Albertson's.

In a sworn affidavit, Duron denied receipt of this notice. She stated that she and her attorney made several calls to the EEOC to inquire as to the status of her case both prior to Hurricane Katrina in August 2005 and in the first half of 2006—all without a response. On July 18, 2006, her attorney wrote a letter to the EEOC's regional attorney and subsequently delivered a copy of that letter. The letter indicates that Duron's attorney had discussed her case with an EEOC official before and advised the EEOC that Duron wanted to pursue her rights in this case. Duron's attorney also emailed that EEOC official. On August 24,

2006, Duron's attorney received a copy of the EEOC right-to-sue letter dated October 4, 2004. In her affidavit, Duron stated that this was "the first time I or my attorney had ever seen this right to sue letter." Her counsel represented to the court that he did not receive a copy of this letter until August 24, 2006.

Duron then filed this discrimination suit. Albertson's moved for dismissal or, alternatively, summary judgment. The district court granted Albertson's motion for summary judgment, holding, as a matter of law, that Duron's affidavit was insufficient to rebut the presumption of receipt of the EEOC right-to-sue letter, thus rendering her lawsuit untimely. Further, the district court declined to apply the doctrine of equitable tolling.

Duron appealed, and the EEOC submitted an amicus curiae brief pursuant to Federal Rule of Appellate Procedure 29(a) supporting Duron's contention that her affidavit was sufficient to raise a fact question.

## II

A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC.[2] The ninety-day window is "strictly construed"[3] and is "a precondition to filing suit in district court."[4]

Relying on the presumption that government notices are mailed on the date stated in the notice and received within seven days thereafter, the district court found that Duron's lawsuit was untimely. As stated by the Supreme Court, "[t]he rule is well settled that proof that a letter properly directed was

---

[2] 42 U.S.C. § 2000e–5(f)(1); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC." (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982))).

[3] *Taylor,* 296 F.3d at 379.

[4] *Id.* (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)).

placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."[5]

In *Custer v. Murphy Oil USA, Inc.,* we stated that "[b]ecause th[e] mailbox rule functions merely to create a presumption of receipt, it only comes into play when there is a material question as to whether a document was actually received."[6] "A threshold question for the application of the mailbox rule is whether there is sufficient evidence that the letter was actually mailed."[7] In that vein, this court opined that "[a] sworn statement is credible evidence of mailing for the purposes of the mailbox rule."[8] Further, we have recognized that "[p]lacing letters in the mail may be proved by circumstantial evidence, including customary mailing practices used in the sender's business."[9] On the other hand, "[e]vidence of non-receipt can be used to establish that the notice was never mailed."[10]

As in *Custer*, Albertson's has not produced any business records or other physical evidence that the EEOC sent the notice of the right to sue. Albertson's submitted no affidavits in support of the mailing. Additionally, Albertson's has

---

[5] *Hagner v. United States*, 285 U.S. 427, 430 (1932) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)); *see also Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).

[6] 503 F.3d 415, 419 (5th Cir. 2007) (determining that the mailbox rule did not apply because the question at issue was whether the plan administrator used measures reasonably calculated to ensure actual receipt and not whether the plaintiffs actually received the document).

[7] *Id.*

[8] *Id.* at 420 (quoting *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 964 (9th Cir. 2001)). *But see Sorrentino v. IRS*, 383 F.3d 1187, 1194-95 (10th Cir. 2004) (stating that "[a]llegations of mailing are easy to make and hard to disprove" and holding that an affidavit claiming that a tax return was mailed, without more, was not enough to invoke the mailbox rule's rebuttable presumption).

[9] *Custer*, 503 F.3d at 420 (alteration in original) (quoting *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1983)).

[10] *Id.*

not produced any evidence that it received the copy of the notice the EEOC allegedly sent. Instead, the only evidence of mailing that Albertson's provided was a copy of the EEOC notice of right to sue with "10/4/04" written in the "Date Mailed" field. In contrast, Duron provided a sworn affidavit that she did not receive the EEOC's notice until August 2006, and she provided evidence that she and her attorney made several attempts to contact the EEOC to inquire as to the status of her case. Further, her attorney's July 2006 letter indicated that Duron's attorney had discussed her case with an EEOC official before and advised the EEOC that Duron wanted to pursue her rights in this case.

In *Alton v. Texas A&M University*, we stated that "[w]here critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate."[11] As in *Custer*, "[o]n the issue of mailing, it cannot be said that either of *Alton's* grounds are satisfied, and thus summary judgment is improper."[12]

In closing, we note that if the EEOC had followed its former practice of sending right-to-sue letters by certified mail, this dispute would, in all likelihood, have never arisen.[13]

---

[11] 168 F.3d 196, 199 (5th Cir. 1999).

[12] Custer, 503 F.3d at 421.

[13] We also note that the parties did not raise, and we do not consider, a claimant's duty to monitor the status of her proceedings in the EEOC. The governing statute requires the EEOC to notify the charging party "within [180] days from the filing of such charge" if it or a state enforcement agency has not filed an action. 42 U.S.C. § 2000e-5(f)(1). Should a state or local agency initiate an enforcement action, under 42 U.S.C. § 2000e-5(c) or § 2000e-5(d), the period for EEOC notification may be longer. Accordingly, a lack of diligence on the part of a claimant, e.g. failure to file a suit or contact the EEOC within 270 days of filing a charge with the EEOC (the 90-day period in addition to the 180-day period for action), may support a conclusion that an action is barred as untimely as a matter of law.

\*      \*      \*

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings.