**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2009

No. 08-61099
Summary Calendar

Charles R. Fulbruge III
Clerk

GEICO INSURANCE COMPANY

Plaintiff - Appellee

v.

NANCY WHITE

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:07-CV-1004

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Nancy White appeals the district court's grant of summary judgment in favor of plaintiff-appellee GEICO Insurance Company and its declaratory judgment that her recovery is limited to $25,000. For the reasons stated below, we affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2006, White was injured when her vehicle was struck by a vehicle driven by Adam Hall, a minor. White brought suit against Hall and his father (collectively, the "Halls") in Mississippi state court. The parties entered into a consent judgment in the amount of $150,000, but they limited recovery to the amount that could be collected from the Halls' insurance policy with GEICO Insurance Company ("GEICO"). Coverage under the policy was limited to $25,000, and the Halls insured four different automobiles under the policy. The Halls' original policy states that covered losses include:

1. bodily injury, sustained by a person, and;
2. damage to or destruction of property, arising out of the ownership, maintenance, or use of the owned auto or a non-owned auto.

GEICO alleged that this language had been superseded by an Automobile Policy Amendment (the "Amendment") that became effective after the Halls purchased their policy but prior to the date of the accident. The Amendment states that covered losses include:

1. bodily injury, sustained by a person, or
2. damage to or destruction of property,

arising out of the ownership, maintenance, or use of the owned auto or a non-owned auto.

GEICO filed suit in federal district court seeking a declaratory judgment that its liability was limited to $25,000. White argued that under the language of the original policy, which does not connect the "ownership, maintenance, or use" requirement to bodily injury, the total coverage would have been $100,000 (i.e., $25,000 for each of the four automobiles insured rather than just the one automobile used in the accident).[1]

---

[1] The district court did not reach the merits of White's interpretation of the policy. White conceded that coverage would be limited to $25,000 if the Amendment was effective. Therefore, the district court concluded that it did not need to reach the merits of White's

White argued that there was a genuine issue of material fact as to whether the Amendment had been mailed to the Halls and had become part of their policy prior to the accident. The district court concluded that the Amendment had been mailed to the Halls based on the following: (1) the Halls claimed to have lost their copy of the policy during Hurricane Katrina; (2) GEICO's Rule 30(b)(6) representative testified that revisions are sent out "automatically, programmatically" with the next policy renewal; and (3) the affidavit of K.A. Jones, an employee in GEICO's underwriting department, stated that the Amendment went into effect February 11, 2002, and that "the renewal policy containing the Amendment was processed to be mailed to the Halls on February 14, 2002."

## II. DISCUSSION

"We review a district court judgment rendered on cross-motions for summary judgment de novo." *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009). "Summary judgment is appropriate when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). We construe all facts and draw all justifiable inferences in the light most favorable to the nonmoving party, but "the nonmoving party must set forth specific facts to establish that there is a genuine issue for trial." *First Colony Life Ins.*, 555 F.3d at 180. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* at 181 (quoting *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).

---

interpretation. Likewise, we make no comment on the validity of White's claim that the language used in the original policy increased coverage to $100,000 in this instance.

White's primary contention is that GEICO did not establish that the Amendment was specifically mailed to the Halls. Rather, GEICO sought only to show how the Amendment would have been mailed in the ordinary course of its business practice. The district court addressed this argument by noting that "[p]lacing letters in the mail may be proved by circumstantial evidence, including customary mailing practices used in the sender's business." *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1982). Under this rule, White's argument that GEICO was required to prove the specific details of mailing the Amendment directly to the Halls lacks merit. GEICO's evidence was sufficient to explain the process by which new amendments are mailed to its current policy holders. The burden then shifted to White to present some evidence beyond a bare assertion of non-receipt, which she failed to do.

Moreover, there has never been a direct, unequivocal denial of the fact that the Halls received the Amendment. The Halls did not submit a copy of their policy because they lost all of their files and paperwork during Hurricane Katrina. Thus, White argues only that GEICO has not carried its burden under the mailbox rule to show that the Amendment was properly mailed. The mailbox rule "'provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time.'" *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007) (quoting *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001)). White has provided nothing to rebut that presumption and has only weakly denied that the Halls received the Amendment. In order to avoid summary judgment, an assertion of non-receipt must be supported by circumstantial evidence. *Id.* at 422. Here, GEICO provided circumstantial support for its claim that the Amendment was mailed to the Halls in the form of Jones's affidavit, but White provided no circumstantial evidence in support of her claim that it was not received by the Halls. *See Duron v. Albertson's LLC*,

560 F.3d 288, 291 (5th Cir. 2009) (vacating summary judgment where the sender had "submitted no affidavits in support of the mailing" and, in contrast, the recipient had "provided a sworn affidavit that she did not receive" the document). Accordingly, the district court was correct to conclude that GEICO had mailed the Amendment to the Halls prior to the date of the accident.

In addition to claiming that GEICO did not carry its burden under the mailbox rule, White argues that (1) this issue was decided as a matter of law when she admitted in her answer that the copy of the original policy attached to the complaint, which did not include the Amendment, was true and correct; and (2) the district court erred in considering Jones's affidavit because it was first submitted with GEICO's motion for summary judgment, which was after the discovery deadline.[2]

Regarding the first issue, White's answer noted that the copy of the policy attached to the complaint was incomplete because it lacked the declarations page. In other words, White's answer invited GEICO to supplement what it had attached to its original complaint. Regarding the second issue, GEICO told White's counsel during the Rule 30(b)(6) deposition, when the witness was struggling to explain the procedure for mailing out amendments to existing policyholders, that he would obtain an affidavit from the underwriting department better explaining how and when the Amendment would have been sent to the Halls. Jones's affidavit fulfills this promise. Furthermore, GEICO responds to White's protestations that she was unable to depose Jones by noting that Rule 56(f) of the Federal Rules of Civil Procedure allows a party opposing a motion for summary judgment to request that the court order a continuance "to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." White never sought to depose Jones after receiving his

---

[2] It should be noted that White did not provide any legal authority to support either of these propositions.

affidavit. White's counsel's response was that "[f]rankly, undersigned counsel was not aware of this provision of Rule 56(f) until it was mentioned in GEICO's Appellee's Brief." This confession of ignorance as to the Federal Rules of Civil Procedure does not absolve White from failing to seek further discovery after receiving Jones's affidavit. We are thus not persuaded that the district court erred in considering Jones's affidavit and in concluding that GEICO carried its burden under the mailbox rule.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's judgment.