# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-20755
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2013

Lyle W. Cayce
Clerk

TIFFANY ANDRES,

Plaintiff – Appellant

v.

CYPRESSWOOD SURGERY CENTER, L.P.; TITAN HEALTH
CORPORATION; CENTER FOR PAIN & RECOVERY, P.A.; MARK D.
BARHORST, Medical Doctor; BARRY BASS, Medical Doctor; LINDA
CARDWELL; EILEEN NEUCERE; MARY GUNTER-SMITH; COLLETTE
APFFEL; MARC JANG,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4753

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Tiffany Andres brought a *pro se* action against the above named defendants under Title VII of the Civil Rights Act of 1964, alleging employment discrimination on the basis of race and retaliation. The district court granted the defendants' motion for summary judgment on the ground that Andres had filed her action more than ninety days after receiving her Notice of Suit Rights

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20755

from the Equal Employment Opportunity Commission ("EEOC"). The district court noted that Andres' suit was filed on November 10, 2010, and held that "there is no genuine issue of material fact regarding [Andres'] receipt of the Notice of Rights letter in May 2010." Andres now appeals.

"A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC." *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (citations omitted); *see* 42 U.S.C. § 2000e-5(f)(1). "The ninety-day window is strictly construed and is a precondition to filing suit in district court." *Duron*, 560 F.3d at 290 (quotations and citations omitted). Andres' suit would be timely only if she received the EEOC Notice of Suit Rights on or after August 12, 2010. Andres neither identifies evidence in the record showing that she in fact received the notice on or after this date, nor explains how the district court might have erred in granting summary judgment in favor of the defendants. Accordingly, the judgment of the district court is AFFIRMED.