# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2022

Lyle W. Cayce
Clerk

No. 21-50022
Summary Calendar

Antonia Drum-Heart Alexandria, *also known as* Tony Alexander Gilbreath,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Texas Department of Criminal Justice; Denise Johnson; Assistant Warden Bruce Armstrong; Assistant Warden FNU Akwitti; Michelle Washburn; Major Anthony J. Patrick,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-668

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50022

Plaintiff Antonia Drum-Heart Alexandria, also known as Tony Alexander Gilbreath, Texas prisoner # 00552945, a biological male at birth who identifies as a transgender woman, appeals the summary judgment dismissal of Plaintiff's 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. The district court determined that Plaintiff had not exhausted available administrative remedies, as required by the Prison Litigation Reform Act, because Plaintiff did not file a Step 2 grievance in accordance with Texas Department of Criminal Justice (TDCJ) policy.

Plaintiff, who is now represented by counsel, raises two issues on appeal. First, Plaintiff argues that summary judgment was improper because the defendants did not, as part of their motion before the district court, provide evidence outlining the TDCJ's grievance process. Second, Plaintiff asserts that the defendants did not provide adequate evidence that a Step 2 grievance was not filed. Both issues are raised for the first time on appeal.

"It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005). And a party "forfeits an argument by failing to raise it in the first instance in the district court." *Gezu v. Charter Commc'ns*, 17 F.4th 547, 555 (5th Cir. 2021).

Plaintiff argues that because we review a summary judgment *de novo*, Plaintiff did not forfeit the two issues on appeal by failing to assert them in the district court. However, "[a]lthough on summary judgment the record is reviewed *de novo*, [we] typically will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Grogan v. Kumar*, 873 F.3d 273, 277 (5th Cir. 2017) (internal quotation marks and citation omitted). "In exceptional circumstances, we may, in the interests of justice, review an issue that was not raised in the

district court." *Kinash v. Callahan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997). Plaintiff, however, has not made any argument that this case represents such an exceptional circumstance.

Accordingly, the district court's grant of summary judgment in favor of the defendants and its dismissal of Plaintiff's § 1983 complaint is AFFIRMED.