**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2696
_____

THOMAS I. GAGE,
Appellant

v.

SOMERSET COUNTY, Law Enforcement; SOMERSET COUNTY JAIL;
CHRISTOPHER S. PORRINO, former NJDAG; CITY OF WATCHUNG, WPD;
GEOFFREY D. SORIANO, former SCPO; MICHAEL C. SCHUTTA, Det. of SCPO;
JAY B. BOHN, Attorney

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:19-cv-09097)
District Judge: Honorable Michael A. Shipp

_____

Submitted on Appellees' Motions for Summary Action
December 8, 2022

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: January 13, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Thomas I. Gage appeals from the District Court's order dismissing his civil rights claims. For the reasons that follow, we will summarily affirm the District Court's judgment.

For more than a decade, Gage has been filing lawsuits stemming from the foreclosure and sale of his former property, which he believes was connected to the construction of an adjacent real estate development. Insisting that he previously did not receive fair treatment in the District Court for the District of New Jersey — where multiple filing injunctions have been entered against him in similar prior actions — Gage filed the present action in the District Court for the District of Columbia in 2018. He named Somerset County, Somerset County Jail, Christopher S. Porrino, Geoffrey Soriano, Michael C. Schutta, attorney Jay B. Bohn, and the City of Watchung as defendants. He sought to bring civil rights claims of false arrest, false imprisonment, and malicious prosecution.

Bohn filed a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), which the District Court granted. Later, all remaining defendants but Watchung sought to dismiss Gage's complaint for improper venue. Rather than dismiss Gage's remaining claims, the District Court concluded that it was in the interest of justice to transfer the case to the District of New Jersey.

Once transferred, all remaining defendants but Watchung again sought dismissal, which the District Court granted, with prejudice, after concluding that Gage's claims were barred by res judicata. Watchung then filed a motion to dismiss for failure to

2

effectuate service under Federal Rule of Civil Procedure 4(m), which the District Court granted, while giving Gage an opportunity to file a motion to extend the time to effect service of process. After Gage filed a motion to extend, the District Court denied the motion, offering him an opportunity to file a motion to amend his complaint. Gage filed such a motion, which the District Court denied. Gage timely appealed, and appellees have moved for summary action.[1]

We agree with the District Court's disposition of Gage's claims. First, res judicata barred Gage's claims against the Somerset County defendants, Porrino, Soriano, and Schutta. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009) (exercising plenary review over a Rule 12(b)(6) dismissal). Gage filed a prior lawsuit against all of those defendants except for Porrino in 2016, alleging false arrest, false imprisonment, and malicious prosecution stemming from the same incident underlying his present allegations; it ended when the District Court dismissed his complaint for failure to state a claim. See Gage v. Somerset County, No. 3:16-CV-3119-BRM-LHG, 2017 WL 436258, at *1 (D.N.J. Jan. 31, 2017). We agree that Gage's claims are barred because he either raised them or could have raised them in that prior action. See Davis v. Wells Fargo, 824

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Although the District Court dismissed Gage's claims against two defendants without prejudice, its judgment is final. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995) (discussing Rule 4(m)'s requirement that if service is not properly effectuated, a district court "shall *dismiss the action without prejudice* as to that defendant or direct that service be effected within a specified time") (emphasis altered); In re Hall, Bayoutree Assocs., Ltd., 939 F.2d 802, 804 (9th Cir. 1991) ("A determination of improper venue does not go to the merits of the case and therefore must be without prejudice.").

F.3d 333, 341-42 (3d Cir. 2016) (explaining that res judicata requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action," including claims that "could have been brought" in the prior suit). Further, Porrino was in privity with Schutta and Soriano — he was their supervisor and was named in this action because he allegedly knew about his employees' illegal conduct and sought to cover it up. See Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972) ("[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants.").

Next, the District Court did not err in dismissing Gage's claims against Bohn for improper venue under Rule 12(b)(3).[2] All events underlying this action took place in New Jersey, and all parties were residents of New Jersey. Gage's subjective concerns about bias from courts in New Jersey — based solely on unfavorable prior rulings against him — does not permit venue in the district of his choosing. See 28 U.S.C. § 1391(b); cf. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000)

---

[2] We have not addressed the standard of review for a Rule 12(b)(3) dismissal in a precedential opinion. Compare, e.g., Gezu v. Charter Commc'ns, 17 F.4th 547, 552 (5th Cir. 2021) (applying de novo standard of review) and Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) (same) with Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc., 432 F.3d 1343, 1345 (11th Cir. 2005) (per curiam) (reviewing for abuse of discretion) and Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 533 (6th Cir. 2002) (same). We need not decide that issue here; our conclusion is the same under any conceivable standard, given the circumstances of this case.

(explaining that "a party's displeasure with legal rulings does not form an adequate basis for recusal"). Further, we discern no abuse of discretion in the decision to transfer Gage's remaining claims, sua sponte, to the District of New Jersey, after weighing the unique interests and considerations relevant to this case. See generally Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995).

We also see no error in the District Court's dismissal of Gage's claims against Watchung for failure to properly effectuate service, where he did not demonstrate good cause for that failure. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) ("[T]he district court's determination with respect to good cause [under Rule 4(m)] is reviewed for abuse of discretion."). As the District Court noted, Gage initiated this action in 2018 and did not initially properly serve Watchung; he filed a motion for an extension of time to serve Watchung in 2020 but did not take any active steps to properly effectuate service in the interim and did not explain the delay. See MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (explaining that a litigant must provide an explanation as to "what, if any, circumstances constitute sufficient 'good cause' to excuse… [an] apparent lack of diligence").

The District Court also did not abuse its discretion in denying Gage's motion to file an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Gage merely restated prior arguments and claims, making amendment futile.

5

Accordingly, we grant the appellees' motions and will summarily affirm the District Court's judgment.[3]

---

[3] Appellant's request to appear in person is denied.