# Supreme Court of Texas

No. 23-0376

Fossil Group, Inc.,
*Petitioner*,

v.

Nicole Harris,
*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE YOUNG, joined by Chief Justice Hecht, concurring.

The rationale for today's decision is entirely correct and fully resolves this case. So I gladly join the opinion and judgment of the Court. I write separately to address the issue that the Court does not resolve: whether there was any evidence that Harris had put Fossil on notice of Brown's appalling behavior. This issue would independently lead to the same result and is more likely to recur than the one that the Court resolves.

The court of appeals held that Harris's testimony was enough to create a fact issue. 682 S.W.3d 896, 905 (Tex. App.—Dallas 2023). In her pleading in the trial court, Harris alleged that "[i]n late April 2019 . . . [she] sent an email in response to an in-store company survey in which

she stated she felt she was being sexually harassed; to which she received no response." In her deposition testimony, Harris was not quite sure when or how she sent the email. She recalled sending an email and claimed to have sent it through Fossil's anonymous reporting hotline, *not* in response to a survey. Harris added that she would have to go back and look at her emails to find exactly what she sent to the company. To this day, she has produced nothing.

Harris's position became more uncertain as the case progressed: "[Harris] believes she sent an email in response to an in-store company survey in which she stated she felt she was being sexually harassed[.] . . . However, she cannot locate that email." As Fossil notes, Harris does not controvert the company's evidence that it searched the reporting system and found no complaint from her. Indeed, Harris's summary-judgment response mentioned the email only in passing. Instead, she focused on other evidence that purported to establish constructive knowledge. *See ante* at 6 & n.8.

One might argue—and Fossil does—that this rather equivocal testimony cannot create a fact issue about anything. The contention carries considerable force, but I assume for argument's sake that Harris's testimony can create a fact issue. But a fact issue about *what*, exactly? As the Court rightly notes, "the central question" is not whether Harris *sent* an email alerting Fossil to Brown's egregious misconduct—it "is whether the summary-judgment record bears any evidence that a company *knew or should have known* its employee was being harassed and failed to take prompt corrective action." *Ante* at 1 (emphasis added). Whether Harris sent an electronic communication is relevant to but not

2

coterminous with that central issue: Fossil's knowledge.  No evidence supports a showing that Fossil *received* Harris's claimed communication.

The *McDonnell Douglas* burden-shifting framework is instructive. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018) (referencing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  Analogizing to its principles, a case like this one would unfold as follows.  A plaintiff can make a prima facie showing that she sent a communication informing the employer of harassment simply by swearing to have done so.  The employer is then charged with notice of the communication (although the factfinder may ultimately conclude that it was never sent).  In that posture, the case must proceed unless the employer provides evidence establishing that it never received the report. If the employer provides such evidence—like records of all electronic correspondence from the time in question, which lacks the alleged communication—the burden shifts back to the employee to show a flaw in the employer's evidence.  For example, the employee could allege spoliation, show that the records are not reliably maintained, establish that other known reports of misconduct are missing from the employer's records, or provide other such physical evidence that tends to negate the employer's denial of receipt.  But if the employee cannot provide such evidence, and makes no allegations suggesting discovery misconduct, there is no remaining dispute of material fact about the employer's actual knowledge of the allegations.  And if the employer was not on notice, summary judgment must be granted.

We have never applied the mailbox rule in this context but, assuming that it does apply, the result is the same.  As the Fifth Circuit

3

has noted, that "rule functions merely to create a presumption of receipt," *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (quoting *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007)), and that presumption can be rebutted. So while the parties heavily dispute whether Harris's testimony is definite enough to qualify as evidence that she *sent* an email reporting Brown's misconduct, that inquiry strikes me as unfruitful here. To be clear, I agree that there is grave doubt about that question, which might be profitably pursued in other cases—but here, we can assume that her testimony is sufficient to show, at this early stage, that she sent the email.

Fossil responded by showing that it never got anything from Harris (except her actual resignation letter, of course, which did not so much as hint that she had experienced harassment, but expressly linked her departure to scheduling concerns). Fossil introduced evidence from a records custodian asserting that it had searched its records and found no emails from Harris. For Harris's entire period of employment, Fossil found that (1) no complaints about Brown were submitted by *anyone* using its anonymous reporting system, and (2) it had no complaints from Harris, whether about Brown or anyone else. Fossil showed that it had received *other* incident reports throughout that period, which suggests that the system was legitimate and operational.

Harris, in turn, never alleged that Fossil engaged in spoliation of evidence or set up a sham reporting system. She has offered nothing to address why Fossil's search failed to turn up a communication that she sent, whether for nefarious or other reasons.

So even if we assume, as I do, that Harris in fact sent something,

Fossil met its burden to show that it never *got* anything. The burden therefore shifted back to Harris, and she could not carry it. That should be the end of the matter. Fossil has conclusively negated an essential element of Harris's cause of action—the *central* element, in fact, of Fossil's knowledge that Brown harassed Harris. Fossil is thus entitled to summary judgment.

\* \* \*

The Court chooses to resolve the case on an equally easy ground, which is fine with me. Specifically, Fossil took "prompt and remedial" actions to address Brown's misconduct, *ante* at 2, so it does not matter whether Harris sent or Fossil received any electronic communications. Even if both are true, Fossil managed to discharge its duty by quickly firing Brown. That holding resolves *this* case, but it will apply pretty rarely, and perhaps only upon a showing of two things that are unlikely to recur very often, and probably never again:

- First, Fossil learned about the harassment through an independent source—another employee—and then took rapid and condign action against Brown.

- Second, Harris's pleading and testimony make clear that any alleged email was sent shortly before Fossil separately learned about Brown.

Fossil, in other words, was doubly lucky. It managed to comply with its legal obligations because it timely learned of Brown's barbarous behavior through a source wholly separate from Harris. And Harris did not claim to have informed Fossil materially before that time.

To see why this pattern is unlikely to recur, hypothesize an employee who brings suit well after the events at issue. She claims to have sent an email alerting the employer to abhorrent behavior long

5

before she eventually quit (whereas Harris quit only days after sending her alleged email) or long before the employer fired the harasser (whereas Fossil fired Brown shortly after it learned of his misconduct from the separate employee). In such circumstances, unlike this case, it *will* matter when the employer was placed on notice of the harassment. An employee who suffered vile treatment over a period of many months is unlikely to claim to have alerted the employer only very shortly before that employer took corrective action.

In this case, for example, imagine that—instead of alleging that she sent a communication in late April, only days before she quit and only days before a different employee alerted Fossil to Brown's misconduct—Harris had alleged that she sent the email in December. That would have been *five months* before Fossil learned about Brown from the third party, and thus nearly six months before it took corrective action. In such a case, the Court's analysis would not resolve this case—indeed, if an employer was on notice of egregious misconduct for half a year and remained silent, I would be outraged. But if such an employer was never actually put on notice in the first place, my outrage would disappear.

So I think deciding today's case on the first issue—knowledge— would be useful, not just in this case but for the future. The Court prefers a smaller step, and I do not dispute the correctness of that step, so I am happy to concur.

Evan A. Young
Justice

**OPINION FILED:** June 14, 2024

6