# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2026

Lyle W. Cayce
Clerk

No. 25-10886

Chasity Congious, *by and through her Guardian, Kimberly Hammond, on behalf of herself and as Mother and Next Friend of Z.C.H. Deceased*,

*Plaintiff—Appellant*,

*versus*

Aaron Ivy Shaw, DO,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-92

Before Smith, Wiener, and Higginson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Chasity Congious was pregnant while a pretrial detainee at the Tarrant County Jail ("TCJ"). She gave birth two weeks early in her cell. When officials found Congious, the infant was stuck in her pants. Officials transported the baby to the hospital, where she died ten days later.

Congious sued Dr. Aaron Shaw, the Medical Director at TCJ, asserting a Fourteenth Amendment claim under 42 U.S.C. § 1983 based on Shaw's alleged denial of Congious's right to medical care. Shaw asserted qualified

No. 25-10886

immunity ("QI").  The district court granted Shaw's motion for summary judgment.

Because Congious has not shown that Shaw had subjective knowledge of a substantial risk of serious harm to Congious, she cannot succeed.  We affirm the summary judgment.

I.

Congious was about 20 weeks pregnant when initially incarcerated. As Medical Director, Shaw issued delegation orders and relied on nurses, physician assistants, and other providers to carry out the treatment of inmates in the infirmary at TCJ.  Those orders included instructions for treating pregnant inmates, including specific details on treating an inmate when she went into labor.  Shaw could not personally treat, or even stay specifically informed about, every inmate in the infirmary.  As of May 2020, in fact, Shaw did not provide direct patient care to *any* patients in the female infirmary.

On May 13, 2020, when Congious was 37 weeks pregnant, she was seen by her OB/GYN, Dr. Melanie Carter, for a routine obstetrics examination.  Carter noted that Congious was largely "unable to express her symptoms and may not recognize when she goes into labor."  Carter recommended that Congious have an elective induction of labor "between 39 and 40 weeks."  Shaw reviewed the notes and findings from Carter's examination of Congious and agreed with Carter's plan.

On the morning of Sunday, May 17, a daily report email was circulated at 7:29 a.m.  The main purpose of the daily report emails was to convey information among the nurses as they changed shifts.  The body of the emails contained a subset of patients with more pressing issues.  Attached to the emails were charts with notes on each of the inmates in the infirmary.  Shaw did not regularly open the attachments to the daily report emails.  He typically only

reviewed the body of the emails to see whether he needed to sign off on any requests to transport patients from the hospital.

Congious was mentioned in one of the five attachments to the May 17 email but was not mentioned in the body of the email. The report stated that Congious had refused breakfast and was experiencing abdominal cramps. Shaw stated that he "did not open [the email] before [he] got a call about the baby being delivered."

Around 9:05 a.m., a nurse and a correctional officer noticed a pinkish color on Congious's blanket and an odor in her cell. They discovered that she had given birth by herself and that her child was stuck in Congious's pants. The newborn was transported to a hospital, where she died ten days later.

Congious sued Shaw, asserting he denied her the right to medical care under the Fourteenth Amendment. After discovery, Shaw filed a motion for summary judgment, asserting that Congious could not show a dispute of material fact to support denial of medical care and could not overcome QI. Congious also moved for summary judgment on liability and punitive damages. The district court granted Shaw's motion for summary judgment and denied Congious's. Congious appeals.

## II.

"The court reviews district court judgment rendered on cross-motions for summary judgment de novo. On cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Century Sur. Co. v. Colgate Operating, L.L.C.*, 116 F.4th 345, 348–49 (5th Cir. 2024) (internal citations omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

"[QI] changes the nature of the summary-judgment burden, how and when the burden shifts, and what it takes to satisfy the burden." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020). A plaintiff suing for a constitutional violation must show not only that the defendant violated a constitutional right, but also that the violated right was clearly established at the time of the alleged violation. *Id.*

## III.
### A.

Shaw contends that we lack jurisdiction over the appeal because Congious challenges only the denial of her motion for summary judgment, not the granting of Shaw's motion for summary judgment, and the denial of a motion for summary judgment is not an appealable interlocutory order.

An appellant may appeal a denial of a motion for summary judgment when the appellee's motion for summary judgment was granted. "On cross-motions for summary judgment, we review each party's motion *independently*[.]" *Century Surety*, 116 F.4th at 349 (emphasis added) (quoting *Discover Prop. & Cas. Ins. Co. v. Blue Bell Creameries USA, Inc.*, 73 F.4th 322, 327 (5th Cir. 2023)). Further a notice of appeal "encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." FED. R. APP. P. 3(c)(4). Accordingly, Congious's notice of appeal encompasses all district court orders included in the final judgment: both the grant of Shaw's motion and the denial of Congious's.

We have jurisdiction over the appeal.

### B.

Congious asserts that the district court erred in denying her motion for summary judgment and granting Shaw's on the claim of denial of medical care. An official "violates a pretrial detainee's constitutional right to be

secure in his basic human needs only when the official had subjective knowledge of a substantial risk of serious harm to the detainee and responded to that risk with deliberate indifference." *Cope v. Cogdill*, 3 F.4th 198, 206–07 (5th Cir. 2021) (quoting *Estate of Henson v. Wichita Cnty.*, 795 F.3d 456, 464 (5th Cir. 2015)).

Shaw did not have subjective knowledge of a substantial risk of harm to Congious. Shaw stated that because of the inducement plan and Carter not recommending any intervening care, he had no reason to believe that Congious was at serious risk of going into labor on May 17. And most importantly, Shaw did not see the daily report email or attachments referencing Congious's abdominal cramps until after Congious had given birth.[1] Because Shaw did not have subjective knowledge that Congious faced a serious risk of harm, he did not violate her Fourteenth Amendment rights.[2] *See Cope*, 3 F.4th at 206–07.

The summary judgment is AFFIRMED.

---

[1] Congious provided no evidence that Shaw opened the email. At the summary judgment stage, though the facts are viewed in the light most favorable to the non-moving party, Congious must still present *some* evidence supporting the claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.") (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[2] Congious claims that even if Shaw did not open the email until after Congious gave birth, his receipt of the email provided him with adequate notice of Congious's condition. But the cases cited in support of that "mailbox rule" discuss constructive notice under Texas contract law. *See, e.g.*, *Gezu v. Charter Commc'ns*, 17 F.4th 547, 554 (5th Cir. 2021). None of the cases cited by Congious applies the mailbox rule to doctrines requiring subjective knowledge.

No. 25-10886

JACQUES L. WIENER, JR., *Circuit Judge*, concurring in the judgment:

The majority opinion affirms by finding that Defendant-Appellee Dr. Aaron Shaw did not have subjective knowledge of a substantial risk of harm to Plaintiff-Appellant Chasity Congious. *Ante* at 5. But Shaw knew days before Congious gave birth in her cell that she was in the late stages of pregnancy and could give birth "at any time," that she would be unable to communicate to staff that she was in labor, and that she did not have the medical training to understand the substantial risks involved in giving birth alone. "[A] prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994). And a prison official's deliberate indifference to potential future health risks can constitute a claim under the Eighth and Fourteenth Amendment. *See Johnson v. Epps*, 479 Fed. Appx 583, 591 (5th Cir. 2012); *Helling v. McKinney*, 509 U.S. 25, 35 (1993). On these facts, a jury could find that Shaw knew of the obvious and substantial risk Congious faced. I would not affirm summary judgment on these grounds.[1]

However, Congious's claim still fails because Shaw is entitled to Qualified Immunity. "Qualified Immunity changes the nature of the summary-judgment burden, how and when the burden shifts, and what it takes to satisfy the burden." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020). A plaintiff suing for a constitutional violation must

---

[1] Congious also maintains that Shaw had subjective knowledge because of the email sent on May 17. But as the majority opinion aptly notes, Congious provides no evidence that Shaw opened the email and the constructive notice created by the "mailbox rule" does not meet the requirement of subjective knowledge. *Ante* at 5 n.1 and n.2.

not only show that the defendant violated a constitutional right, but must also show that the violated right was clearly established at the time of the alleged violation. *Id*. To determine whether qualified immunity applies, courts engage in a two-part inquiry asking: (1) whether an official′s conduct violated a statutory or constitutional right of the plaintiff and (2) whether the right was "clearly established" at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 200–01, (2001). If the plaintiff is unable to show that the right was clearly established, the court need not assert whether a constitutional right was violated. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Congious proffers only one case to show that Shaw violated a clearly established right—*Easter v. Powell*. 467 F.3d 459 (5th Cir. 2006). *Easter* presented a different issue than does this case. In *Easter*, a prisoner was actively experiencing severe chest pain. 467 F.3d at 461. A medical professional prescribed medication, but the pharmacy was closed. *Id*. When the prisoner returned to the infirmary, still in pain, the medical professional sent him to his cell without further assistance. *Id*. In other words, the *Easter* defendant turned a deaf ear to active, ongoing harm. Here, Congious was at risk of serious harm in the near future, and Shaw took potentially inadequate steps to mitigate such harm. *Easter* does not describe a medical professional turning a deaf ear to the significant, potential harms of pregnancy. Therefore, even if Congious was able to show that Shaw's actions constituted deliberate indifference rather than mere negligence, she cannot show that those actions violated a clearly established right.[2]

---

[2] I do not opine on whether Shaw's actions constitute deliberate indifference, because Qualified Immunity would attach regardless of the outcome. *See Pearson*, 555 U.S. at 236.

No. 25-10886

On this basis, I CONCUR in the judgment only.